IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HECTOR MADRIGAL, ) <br> Reg. No. 58420-179, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WALTER WOODS, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO. 2:18-CV-559-MHT <br> [WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus and "Memorandum of Law" in support of this petition filed on June 6, 2018 by Hector Madrigal, a federal inmate currently confined at the Montgomery Federal Prison Camp. Docs. 1 & 2.[1]  Madrigal is incarcerated on concurrent sentences of 20 years of imprisonment for drug trafficking offenses imposed upon him by the United States District Court for the Southern District of Texas on July 20, 2007. Doc. 1 at 1.  Due to a prior drug conviction, the court enhanced the sentencing range for each of these convictions in accordance with the provisions of 21 U.S.C. § 851.  On August 2, 2018, the respondent filed a motion to dismiss this case. Doc. 14.

---

[1] Throughout the documents filed in this case, Madrigal invokes 28 U.S.C. § 2241 and objects to the construction of this petition as anything other than a § 2241 petition for habeas corpus relief.  This case therefore proceeds solely as one seeking habeas relief under § 2241. *See Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360 1368 (11th Cir. 2015) (holding that where Petitioner expressly affirmed his intention to proceed under § 2241 the district "court wisely permitted him to be the master of his own fate" and did not "recharacterize [the] petition, against his will, as a § 2255 motion").

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

A concise procedural history and recitation of relevant facts are set forth by the respondent in his motion dismiss.[2]

> In January of 2006, in Case No. 5:06-CR-121-3 and Case No. 5:06-CR-122, Petitioner Hector Madrigal was indicted in the United States District Court for the Southern District of Texas for drug trafficking offenses. In June 2006, Petitioner pleaded guilty in both cases to the charge of conspiracy to possess with the intent to distribute a quantity in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. [Under the terms of his plea agreements, Petitioner waived the right to collaterally attack his sentences under both 28 U.S.C. § 2241 and 28 U.S.C. § 2255.] Because he had a prior felony drug conviction, at sentencing Petitioner faced a minimum mandatory term of imprisonment of ten years and a maximum term of imprisonment of life for Case No. 5:06-CR-121-3, and a minimum mandatory term of imprisonment of twenty years and a maximum term of imprisonment of life for Case No. 5:06-CR-122.
>
> On July 20, 2007, the district court sentenced Petitioner to twenty years imprisonment followed by ten years of supervised release in each case, with the sentences to run concurrently. Pursuant to his plea agreement[s], Petitioner did not appeal the sentences imposed.
>
> On July 15, 2019, in Case No. 5:06-CR-121.3, Petitioner untimely filed a motion for relief under 28 U.S.C. § 2255, attacking his sentence based upon the assertion that his prior state drug conviction was vacated. On July 23, 2010, the district court dismissed Petitioner's § 2255 motion and entered a final judgment. [On August 25, 2010, Petitioner sought reconsideration by the district court of its dismissal of his § 2255 motion but the court denied this request on August 31, 2010.] Petitioner sought a certificate of appealability from the United States Court of Appeals for the Fifth Circuit to appeal the district court's dismissal of his § 2255 motion and the court denied his request.
>
> On April 14, 2017, Petitioner was persistent and filed a motion seeking to amend his § 2255 motion using the relation back doctrine. The district court denied Petitioner's motion.
>
> On June 6, 2018, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is presently incarcerated at the Montgomery Federal Prison Camp.

---

[2] Madrigal concedes that "the Respondent gives a fair and accurate summation of the relevant procedural background [and facts] in this case. Madrigal does not object or take exception to this section." Doc. 16 at 2.

Doc. 14 at 1–3 (citations to record and footnotes omitted).

### III.  CLAIMS AND ARGUMENTS

Madrigal asserts factual innocence of his sentence enhancement under 21 U.S.C. § 851 due to a change of law—the new interpretation of statutory law set forth in *Descamps v. United States*, 570 U.S. 524 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). He maintains that his "prior conviction may no longer qualify as a § 851 predicate [offense] under the proper application of the 'modified categorical approach' as clarified in *Descamps* [and applied in *Mathis*]." Docs. 2 at 11 & 1 at 7 (arguing that in light of *Descamps* and *Mathis* the "prior conviction enhancement under 21 U.S.C. § 851 is null and void"). Madrigal requests that his "sentence . . . be vacated for resentencing without the § 851 enhancement." Doc. 1 at 8. He seeks to invoke the "saving clause" contained in 28 U.S.C. § 2255(e) as a basis for seeking relief under 28 U.S.C. § 2241 from the sentence imposed upon him by the United States District Court for the Southern District of Texas. Doc. 2 at 10. Madrigal relies on case law of the Eleventh Circuit issued prior to *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 502 (2017),[3] and the law of other circuits as support for his argument that he may proceed before this court on a 28 U.S.C. § 2241 petition for habeas relief pursuant to the saving clause of 28 U.S.C. § 2255(e). Doc. 2 at 10–11.

On August 2, 2018, the respondent filed a motion to dismiss Madrigal's habeas petition. Doc. 14.  In this motion, the respondent asserts that "Petitioner's argument that

---

[3] Specifically, *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), and its progeny.

this Court has jurisdiction to hear his § 2241 petition is foreclosed by *McCarthan*." Doc. 14 at 4. The court issued an order allowing Madrigal an opportunity to file a response to the respondent's motion to dismiss, Doc. 15, and Madrigal filed his response within the time allowed by the court. Doc. 16.

In that response, Madrigal continues to argue that his "§ 2241 Petition may proceed under the savings clause, pursuant to retroactively applicable Supreme Court decision[s] in *Descamps* . . . and *Mathis*." Doc. 16 at 5. Madrigal argues that because he "was sentenced on July 20, 2007, he could have not possibly raised his § 2241 claim at trial because *Descamps* and *Mathis* were decided on June 20, 2013 and June 23, 2016 respectively." Doc. 16 at 5. Madrigal, however, fails to address the applicability of *McCarthan* to his case.

Upon review of the petition, the motion to dismiss filed by the respondent, Madrigal's response, and applicable Eleventh Circuit law, the court concludes that the 28 U.S.C. § 2241 petition is due to be dismissed with prejudice.

### IV. DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, [28 U.S.C.] § 2241, to collaterally attack the legality of his sentence").

4

A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. § 2255(e) (emphasis added). "[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 851 F.3d at 1081–82.

The saving clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legation of his detention.'" *McCarthan*, 851 F.3d at 1081 (internal citation omitted). "[W]hether a federal prisoner pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of

5

the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition." *Simmons v. Warden*, 661 F. App'x 957, 959 (11th Cir. 2016); *McDowell v. Warden, Coleman-Medium*, 694 F. App'x 692, 693–94, *cert. denied*, 138 S. Ct. 343 (2017) (holding that "[w]hether the saving clause applies is a threshold issue," and absent its application, a federal district court lacks jurisdiction to "reach the merits of a § 2241 petition").

> The saving clause provides a federal prisoner relief only when his "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in case law does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"
>
> [Petitioner's] claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent. A "remedy" is "[t]he means by which a right is enforced or the violation of a right is prevented, redressed, or compensated. "Relief" is "the assistance, redress, or benefit which a complainant seeks at the hands of the court. The "means" are not inadequate when circuit precedent forecloses relief on a claim. The remedy of a [§ 2255] motion to vacate permitted [Petitioner] to bring his claim and seek [appellate] review to change the substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence. A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of "enforc[ing]" or "redress[ing]" the right.

*McCarthan*, 851 F.3d at 1085–86 (internal citations omitted). Although "a procedural bar might prevent relief, . . . that bar does not render the [§ 2255] motion itself an ineffective or inadequate remedy. . . . That [Petitioner's] argument was foreclosed by

6

precedent (as opposed to being wrong, untimely, procedurally barred, or unexhausted) is irrelevant. The [§ 2255] motion provided an adequate remedy to challenge the legality of his sentence." *Id*. at 1086 (internal citation omitted). Thus, "[w]hen a prisoner's argument about the legality of his sentence conflicts with circuit precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 1088. Moreover, a petitioner's failure to bring his sentencing claim "earlier nor his odds of success on the merits are relevant to the saving clause inquiry. Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." *Id*. at 1090. "Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause, nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *Id*. Claims which could have been raised in an initial § 2255 motion or which fall within the exceptions set forth in § 2255(h) are not properly before this court for review in a § 2241 petition. *Id*. at 1090–91. In addition, "Congress did not create any exception to section 2255(h) for non-constitutional changes in law, so we may not craft one." *Id*. at 1091.

> The court in *McCarthan* further observed:
>
> Section 2255 includes other procedural hurdles the *Wofford* test fails to respect. For example, the *Wofford* test runs roughshod over the statute of limitations, 28 U.S.C. § 2255(f). A federal prisoner has one year [from various relevant dates set forth in § 2255(f)(1)–(4)] to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a [§ 2255] motion to vacate, he bypasses the statute of limitations and gains limitless time to press claims that prisoners who *meet* the requirements of section 2255 do not receive.

The motion to vacate was intended to be a *substitute* remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S. Ct. 263, but permitting federal prisoners to file habeas petitions based on an intervening change in statutory interpretation [rather than newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a superior remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive [motions to vacate]. 28 U.S.C. § 2255(h). It does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § [2255(h) and § 2244(b)(3)(A)–(E)], and that for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h), in contrast, must overcome these procedural hurdles. The [prior] test [established by circuit precedent] unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.

Several of the separate opinions raise a version of the argument that a previously adequate remedy may later become inadequate but these temporal arguments fail in the light of the whole text. . . . [T]his argument ignores that litigants often make novel arguments in the hope that a court will adopt them as a matter of first impression or in rejection of past precedent. . . . But whether the remedy "is" inadequate or ineffective must refer to the nature of the remedy, not to one specific motion, or else the motion becomes inadequate every time a procedural rule like the statute of limitations or procedural default prevents success. The procedural bars mean nothing if they can be avoided through the saving clause. The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective. The same must be true for the bar on second or successive motions. . . . [T]he means also do not somehow become inadequate or ineffective when circuit precedent is abrogated after a prisoner has filed his first motion to vacate. When Congress limits a prisoner to a single motion to vacate, it does not render the "remedy by motion inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); it instead limits each prisoner to one test [unless he meets the exceptions of 28 U.S.C. § 2255(h) and receives permission from the appropriate circuit court to file a successive motion].

> Allowing a federal prisoner to bring a successive claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison defends challenges to the prisoner's detention. *Id*. § 2241(d).
>
> Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at *5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems . . . arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at *4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim . . . be instead deemed a § 2241 claim [shifts] the venue . . . from the district of sentencing to the district in which the petitioner is confined[,] . . . meaning that there is the potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

*McCarthan*, 851 F.3d at 1091–92.  As the court further noted, permitting "the bar on successive motions (or other procedural bars to relief) to trigger the saving clause makes the statute self-defeating." *Id*. at 1091.  It is therefore clear that the mere fact a petitioner

9

faces procedural bars to obtaining relief in a § 2255 motion—*i.e.*, successive petition, expiration of the one-year limitation period, or procedural default—does not render § 2255 inadequate or ineffective.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099.  As such, "ordinary sentencing challenges" may not be brought under § 2241. *Id*. at 1091–94.  Consequently, "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1086–90).

The *McCarthen* court set forth the limited circumstances in which a federal prisoner may invoke the saving clause of 28 U.S.C. § 2255(e) to file a 28 U.S.C. § 2241 petition for writ of habeas corpus.  Specifically, a federal inmate "may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.  The saving clause also allows a prisoner to bring a petition for writ of habeas corpus when the sentencing court is unavailable [such as when the sentencing court no longer exists]. . . . Or . . . perhaps practical considerations (such as multiple sentencing courts) might prevent a prisoner from filing a motion to vacate.  But only in those kinds of limited circumstances is [the remedy by motion] inadequate or ineffective to test the legality of his detention." *McCarthan*, 851

F.3d at 1092–93 (internal citations and quotation marks omitted). None of these circumstances are present in this case.

The court therefore concludes that Madrigal may not proceed on his § 2241 habeas petition under the saving clause because, as explained in *McCarthan*, his claim challenging enhancement of his sentence under 21 U.S.C. § 851 is a claim which is cognizable under § 2255 and could have been raised in his initial motion to vacate. Consequently, "the remedy by [§ 2255] motion was an 'adequate and effective means for testing such an argument.' [Madrigal] cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus." *McCarthan*, 851 F.3d at 1099–1100. (internal citation omitted). Madrigal's reliance on prior precedent of the Eleventh Circuit established in *Wofford* and its progeny is unavailing because *McCarthan* "overruled the *Wofford* test" and the subsequent cases which utilized this test. *Id.* at 1100.[4]

For the foregoing reasons, Madrigal is entitled to no relief on the claims raised in his 28 U.S.C. § 2241 petition and this case is subject to dismissal for lack of jurisdiction. *Donaldson*, 691 F. App'x at 603 (holding that where a petitioner did not meet the "circuit's requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition . . . the district court did not have jurisdiction to consider [his] § 2241 petition); *Smith v. Warden, FCC Coleman-Medium*, 701 F. App'x 929, 931 (11th Cir. 2017) (holding that because "Petitioner cannot avail himself of § 2255(e)'s saving clause . . . the district court lacked jurisdiction over Petitioner's § 2241 petition"); *McDowell*, 694 F.

---

[4] Madrigal's reliance on the law of circuit courts other than the Eleventh Circuit is misplaced because *McCarthan* is binding precedent for this court.

App'x at 695 (affirming district court's dismissal of Petitioner's § 2241 habeas petition for lack of jurisdiction where Petitioner could not use the saving clause to raise his claims in such a petition); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The Respondent's motion to dismiss be GRANTED.

2. The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Hector Madrigal be DISMISSED for lack of jurisdiction.

3. This case be DISMISSED with prejudice.

It is further ORDERED that on or before **November 16, 2018** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of November, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE